IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVIE A. JONES, :
:
    Plaintiff, :
:
v. : Civ. No. 20-1542-CFC
:
SGT. CALLOWAY, et al., :
:
    Defendants. :

**MEMORANDUM ORDER**

At Wilmington, this Thirteenth day of March in 2023, having considered Plaintiff's June 2022 motions to amend (D.I. 17, 18), Plaintiff's November 2022 motion to amend (D.I. 35), Plaintiff's request for a subpoena deuces tecum (D.I. 36), Plaintiff's motion for a temporary restraining order and preliminary injunction (D.I. 41), and Plaintiff's motion to compel (D.I. 49);

**Motions to Amend.** Plaintiff, a prisoner proceeding *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983 in November 2020 (D.I. 2), and filed an Amended Complaint in October 2021. (D.I. 10) In April 2022, the Court screened the Amended Complaint, allowed claims for excessive force and access to courts to proceed against Defendant Corporal Lauro Diaz, and dismissed all other claims and defendants. (D.I. 13, 14)

In June 2022, Plaintiff moved to amend his complaint in two motions containing the same proposed amended complaint. (D.I. 17, 18) Those motions remain pending, and Defendant Diaz has not responded to either. In November 2022, Plaintiff filed another motion to amend his complaint, which contained some of the same or similar proposed amended claims and defendants contained in his June 2022 motions to amend, as well as some new proposed claims and defendants. Defendant Diaz has filed an opposition to the November 2022 motion to amend (D.I. 46), but therein makes no mention of the June 2022 motions to amend. In light of the November 2022 motion to amend, the June 2022 motions to amend will be denied as moot.

In the November 2022 motion to amend Plaintiff seeks to assert a claim under the Americans with Disabilities Act (ADA) against the Delaware Department of Correction for failing to accommodate his status as an asthmatic by placing him in solitary confinement following Defendant Diaz's deployment of pepper spray in his face, without providing him with an inhaler or a shower to rinse off the pepper spray (Count 1); a claim under the Eighth Amendment against Defendant Diaz and additionally named defendants for deliberate indifference to his medical needs following the pepper spray deployment (Count 2); a claim under the Eight Amendment against Defendant Diaz and additionally named defendants for excessive force (Count 3); a claim under the Eight Amendment against former

2

Warden Truman Mears based on theories of supervisory liability and policy creation (Count 4); a medical malpractice claim (Count 5); and claims under the First Amendment for retaliation and access to courts against Defendant Diaz (Count 6).

Defendant Diaz makes two comprehensive arguments against granting the November 2022 motion to amend, and several specific arguments. The first comprehensive argument is that Plaintiff's newly asserted claims are barred because he "has not alleged that he exhausted his administrative remedies" with respect to those claims. (D.I. 46 at 5) However, the burden to plead and prove failure to exhaust rests with Defendant Diaz. *See Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) (stating that the "[District] Court correctly placed the burden on Defendants to prove non-exhaustion"); *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (noting that the defendant bears the burden of proof of non-exhaustion as it is an affirmative defense). Although the Court may *sua sponte* dismiss a complaint for failure to exhaust when a plaintiff expressly concedes that failure on the face of the complaint, *see Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002), Plaintiff has not conceded a failure to exhaust here. To the contrary, in his reply in support of the November 2022 motion to amend, he asserts that he has exhausted these claims. (D.I. 50 at 2-3) By merely asserting that Plaintiff failed to

allege that he exhausted his administrative remedies, Defendant Diaz has failed to meet his burden of proving non-exhaustion.

Defendant Diaz's second comprehensive argument is that the proposed amendments are untimely and/or unduly delayed. To the extent that the proposed amendments were raised in the June 2022 motions to amend, to which Defendant Diaz never responded, this argument is rejected. However, with regard to the proposed defendants named for the first time in the November 2022 motion to amend,[1] and the proposed claims raised for the first time therein (specifically, the medical malpractice claim at Count 5 and the retaliation claim at Count 6), the Court agrees with Defendant Diaz and will deny the November 2022 motion as to these proposed defendants and claims.

Turning to the individual claims, Defendant argues that permitting leave to bring the ADA claim at Count 1 is futile because Plaintiff has failed to state a claim for an ADA violation. The Court disagrees and will allow the claim at Count I to proceed. *See, e.g., Pratt v. Ann Klein Forensic Ctr.*, 2019 WL 4509288, at *4-5 (D.N.J. Sept. 18, 2019) (discussing relevant Third Circuit precedent

---

[1] The proposed defendants named for the first time in the November 2022 motion to amend are the Delaware Department of Correction, C.W. Thomas Jr., David T. Sharp, Jermaine J. Fountain, Ronald T. Johnston, David A. Duperron Jr., Jeremiah R. Purnell, Michael Maans, Gregory A. Smith, Nicholaos J. Psaroudakis, Kirk J. Neal, Scott D. Bollinger, John B. Smith and Erin Pleasanton.

pertaining to ADA claims by disabled prisoners involving stays in segregated housing). Defendant Diaz argues that the proposed deliberate indifference claim at Count II is deficient because Plaintiff "fails to allege specifically how each individual defendant, including Defendant Diaz, was personally involved." (D.I. 46) However, Plaintiff does allege specific personal involvement by Diaz and proposed defendant Jeffry Purdy (against whom this claim was asserted in the June 2022 motions to amend). Accordingly, the deliberate indifference claim in Count II will be permitted to proceed against Diaz and Purdy. For the same reason, the Court will permit the excessive force claim in Count 3, which has already been permitted to proceed against Defendant Diaz, to proceed against Purdy as well. As for Count 4, the reasserted claim against former Warden Mears is futile for the same reasons it was previously dismissed when the Court screened Plaintiff's Amended Complaint. Finally, as noted, the Court will deny the motion to amend as to Count 5 and the retaliation claim at Count 6.

**Request for a Subpoena Deuces Tecum.** Federal Rule Civil Procedure 45 is the rule regarding issuance of a subpoena. Plaintiff did not include a subpoena form with his request. Subpoena forms may be obtained at the prison law library or upon request from the Clerk of Court. In general, a subpoena must state the court from which it issued; state the title of the action and its civil action number; command each person to whom it is directed to do the following at a specified time

and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and set out the text of Rule 45(d) and (e).

An inmate proceeding *in forma pauperis* in a civil action may not issue subpoenas without paying the required fees. Here, Plaintiff proceeds *in forma pauperis* and there is no indication that he has the ability to pay for any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage. Therefore, the Court will deny Plaintiff's request for issuance of a subpoena without prejudice to renew upon a financial showing of the ability to pay for the costs associated with issuance of a subpoena and a properly completed subpoena.

**Motion for a Temporary Restraining Order and Preliminary Injunction.** Plaintiff seeks injunctive relief related to alleged actions taken by prison officials in retaliation for filing this case, and to impede his success in litigation this case, including via a non-dangerous contraband policy, which he alleges is unconstitutional as applied. A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006)

6

(injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("[T]o obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint."); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from the claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Plaintiff seeks injunctive relief for conduct not raised in his Complaint (as amended). The motion for a temporary restraining order and preliminary injunction is therefore denied.

Now, therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's June 2022 motions to amend (D.I. 17, 18) are **DENIED** as moot.

7

2. Plaintiff's November 2022 motion to amend (D.I. 35) is **GRANTED in part and DENIED in part**. The Clerk of Court is directed to docket the proposed amended complaint at Docket Item 35 as Plaintiff's Second Amended Complaint. The Second Amended Complaint will proceed on the ADA claim inCount I against the Delaware Department of Correction, the deliberate indifference claim in Count 2 against Defendant Corporal Lauro Diaz and Jeffry Purdy only, the excessive force claim in Count 3 against Defendant Diaz and Purdy only, and the access-to-courts claim in Count 6 against Defendant Diaz.

3. Plaintiff's request for a subpoena deuces tecum (D.I. 36) is **DENIED** without prejudice to renew upon a showing of Plaintiff's ability to pay the costs associated with issuance of subpoenas and a properly completed subpoena in compliance with Fed. R. Civ. P. 45.

4. Plaintiff's motion for a temporary restraining order and preliminary injunction (D.I. 41) is **DENIED**.

4. Defendant Diaz's objections to Plaintiff's discovery requests are **SUSTAINED**, and Plaintiff's motion to compel (D.I. 49) is **DENIED**.

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall notify the Delaware Department of Correction ("DDOC") and the Delaware Department of Justice ("DDOJ") of this service order. As an attachment to this order, the Clerk of Court shall serve an

electronic copy of the Second Amended Complaint (D.I. 35) upon the DDOC and the DDOJ. The Court requests that Defendants the DDOC, Lauro Diaz, and Jeffry Purdy waive service of summons.

2. The DDOC and/or the DDOJ shall have 90 days from entry of this service order to file a waiver of service executed and/or a waiver of service unexecuted. Upon the electronic filing of service executed, defendants shall have 60 days to answer or otherwise respond to the *pro se* Second Amended Complaint.

3. In those cases where a waiver of service unexecuted is filed, the DDOC and/or DDOJ shall have ten (10) days from the filing of the waiver of service unexecuted, to supply the Clerk of Court with the last known forwarding addresses for former employees, said addresses to be placed under seal and used only for the purpose of attempting to effect service in the traditional manner.

_____
Chief Judge