IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVIE A. JONES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 20-1542-CFC |
| | : |
| CORPORAL LAURO DIAZ, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, on this Nineteenth day of December in 2023, having considered Defendants' partial motion to dismiss (D.I. 71); Plaintiff's motions for a temporary restraining order (D.I. 78; D.I. 81); Plaintiff's motion to compel (D.I. 91); Plaintiff's motions for extensions (D.I. 95; D.I. 99); and Defendants' motion to strike Plaintiff's sur-reply (D.I. 100):

**Motion to Dismiss.** Defendants seek the dismissal of the claims against the Delaware Department of Correction (DDOC) and Jeffry Purdy, whom Plaintiff added as Defendants when the Court granted Plaintiff's motion leave to file his Second Amended Complaint. (D.I. 58) Defendants DDOC and Purdy assert that the claims against them are barred by the applicable statutes of limitations because they arise from allegations that occurred in February 2020, more than two years before Plaintiff first attempted to raise the relevant claims against them in June

2022. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (noting that for purposes of the statute of limitations that 42 U.S.C. § 1983 claims are characterized as personal injury actions); *Katz v. Nat'l Bd. of Med. Exam'rs*, 751 F. App'x 231, 235 (3d Cir. 2018) (noting that claims brought under Title II or III of the Americans with Disabilities Act are subject state's statute of limitation on personal injury actions); *see also* 10 Del. C. § 8119 (personal injury actions in Delaware subject to two-year statute of limitations).

In his Second Amended Complaint, Defendant alleges that, after Defendant Lauro Diaz pepper sprayed him in the face and slammed him face-first into the ground, Defendant Purdy beat him from behind. In his original complaint, Plaintiff alleged that it was Defendant Diaz who had beaten him. The Court granted Plaintiff leave to amend to add claims against Defendant Purdy based on the June 2022 allegations, which could have indicated discovering Purdy's identity at a later date, closer to June 2022. The Court concludes, however, that a February 27, 2020 Disciplinary Hearing Decision, filed as an exhibit to Plaintiff's June 2022 motions to amend, dispels this notion. (D.I. 18-2) The Disciplinary Hearing Decision establishes that during a February 20, 2020 disciplinary hearing, at which both Plaintiff and Defendant Purdy were present, Defendant Purdy testified that "when Diaz attempted to grab him he tried to get away," and that Purdy "took him to the

ground and he was on his stomach and would not give up his hands." (*Id.*). It is therefore clear that Plaintiff knew Purdy's identity within the limitations period.

Similarly, the Court agrees with the DDOC that Plaintiff's claims against it under the Americans with Disabilities Act were not raised prior to June 2022 and are therefore barred by the statute of limitations. Accordingly, the motion to dismiss will be granted, and the DDOC and Purdy will be dismissed from this action.

**Motions for a Temporary Restraining Order and Motion to Compel.** Plaintiff seeks the same relief in his motions for a temporary restraining order (D.I. 78; D.I. 81) and motion to compel (D.I. 91)—namely, the production of requested discovery materials including irrelevant surveillance footage, surveillance footage that Defendants attest does not exist, and policies to which Defendants have lodged valid objections. The Court notes that Defendants have produced the requested surveillance footage that is both relevant and exists. Accordingly, these motions will be denied.

**Motions for Extensions.** Plaintiff sought an extension to file a reply in support of his motion to compel (D.I. 95), and subsequently filed two reply briefs, both of which the Court has considered. Accordingly, this motion will be granted, and Defendants' motion to strike Plaintiff's sur-reply (D.I. 100) will be denied.

Plaintiff also seeks a motion to extend the discovery deadline, based largely on his pending motion to compel. (D.I. 99) This motion will be denied. Per the August 10, 2023 Scheduling Order, the deadline for filing dispositive motions and opening briefs remains January 12, 2024. (D.I. 77)

Now therefore, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the claims against Defendants DDOC and Purdy (D.I. 71) is **GRANTED**.

2. Defendants DDOC and Purdy are **DISMISSED** from this action.

3. Plaintiff's motions for a temporary restraining order (D.I. 78, 81) and to compel (D.I. 91) are **DENIED**.

4. Plaintiff's motion for an extension to file a reply brief in support of his motion to compel (D.I. 95) is **GRANTED**.

5. Plaintiff's motion for an extension of the discovery deadline (D.I. 99) is **DENIED**.

6. Defendants' motion to strike Plaintiff's sur-reply (D.I. 100) is **DENIED**.

_____
Chief Judge