# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVIE A. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1542 (JLH) |
| | ) |
| CORPORAL LAURO DIAZ, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Stevie A. Jones, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se* Plaintiff.

Robert Michael Kleiner, Esq. and Julia Christina Mayer, Esq., Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

June 10, 2024
Wilmington, Delaware

HALL, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Stevie A. Jones, an inmate confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, brings this *pro se* action under 42 U.S.C. § 1983 against Defendant Corporal Lauro Diaz, asserting claims for excessive force, deliberate indifference to a serious medical need, and interference with Plaintiff's access to courts in contravention of the First Amendment.[1] The Second Amended Complaint (D.I. 59), as modified by this Court's Orders (D.I. 58, 101), is the operative pleading. Before the Court is a motion for partial summary judgment filed by Defendant Diaz (D.I. 106); Plaintiff's motion for partial summary judgment (D.I. 103); Plaintiff's request for appointed counsel (D.I. 102); Plaintiff's "motion for review of dispositive matters" (D.I. 105); Plaintiff's requests for default and default judgment (D.I. 110, 111), and motion to withdraw those requests (D.I. 118); and Plaintiff's motion to strike (D.I. 117). The matter was recently reassigned to me, and I now resolve the motions as set forth below.

## II. BACKGROUND

Plaintiff's allegations arise from his time housed at Sussex Correctional Institution ("SCI"). On February 3, 2020, Plaintiff was transferred to SCI. On February 13, 2020, at approximately 11:37 a.m., Plaintiff and Defendant Diaz had an interaction during which Defendant Diaz pepper-sprayed him in the face, slammed him to the ground, neutralized him through force with other correctional officers, and allegedly pepper-sprayed him again. The Court has reviewed the video footage of this event.

---

[1] All other Defendants and claims have been dismissed.

1

Plaintiff is an asthmatic. He alleges that immediately after the deployment of the pepper spray, he complained about having difficulty breathing. It is undisputed that a group of officers, which did not include Defendant Diaz, then walked Plaintiff to a holding cell. Plaintiff alleges that he was in respiratory distress during the walk and was in the holding cell for over thirty minutes, struggling to breathe and asking for help. Plaintiff was then seen by medical, but he was not given an inhaler. Plaintiff alleges that he was then placed in a cell in disciplinary housing until the next day, without an inhaler or access to a shower to wash away the pepper spray. It is undisputed that Defendant Diaz was not present for any of the events after the initial incident.

Plaintiff alleges that after he was placed in disciplinary housing, Defendant Diaz went into his cell, packed all of Plaintiff's belongings, including his legal documents, and destroyed the legal documents.

In a sworn declaration (D.I. 112), Defendant Diaz states that he was not familiar with Plaintiff prior to the date of the incident, had not had any interactions with him, did not know that he was an asthmatic until this lawsuit was filed, and did not know that he uses an inhaler. Defendant Diaz further states that he did not hear Plaintiff say that he could not breathe, that he had asthma, or that he needed an inhaler. Finally, Defendant Diaz states that he did not confiscate any property or legal documents from Plaintiff and that he was unaware of any officer doing so.

In Defendant Diaz's motion for partial summary judgment, he seeks judgment on Plaintiff's deliberate indifference and access-to-courts claims; he does not seek summary judgment on Plaintiff's excessive-force claim. (D.I. 106.) In Plaintiff's motion for partial summary judgment, he seeks summary judgment on his deliberate indifference claim only, and he alleges for the first time that "during lunch time a few hours before" his February 13, 2020 encounter with

Defendant Diaz (at 11:37 a.m.), Defendant Diaz approached Plaintiff under the belief that he was talking at the lunch table but learned that he was in fact coughing because he has asthma. (D.I. 103 at 7.) In response, Defendant Diaz argues that this new allegation is a self-serving affidavit, insufficient to withstand summary judgment.

Plaintiff's motion for review of dispositive matters (D.I. 105) is essentially a motion seeking reconsideration of previous Orders. In Plaintiff's motion to strike (D.I. 117), he incorrectly asserts that Defendant Diaz's counsel withdrew from the case and then filed a responsive filing.

### III.   LEGAL STANDARDS

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted).

The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting

that a fact is genuinely disputed must support such an assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted).

IV. **DISCUSSION**

　　A. **Deliberate Indifference**

The Eighth Amendment proscription against cruel and unusual punishment prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Accordingly, the Supreme Court has held that "prison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering

4

with the treatment once prescribed.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)). To establish a claim of deliberate indifference under the Eighth Amendment, the prisoner "must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Id.* at 534 (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Stated differently, a prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendant Diaz argues that Plaintiff has failed to demonstrate a genuine issue of material fact that he knew that Plaintiff faced a substantial risk of serious harm, *i.e.*, that he was asthmatic and in respiratory distress from the pepper spray, and that, in any event, immediately after the incident, Plaintiff was taken away by other correctional officers and Defendant Diaz had no further involvement. He also argues that Plaintiff's new allegation that Defendant Diaz learned he was an asthmatic at lunch earlier that day is a self-serving affidavit, insufficient to defeat summary judgment.

Plaintiff's new, self-serving testimony that Defendant Diaz learned that Plaintiff was an asthmatic "during lunch a few hours before" the pepper-spraying incident at 11:37 a.m., is self-contradictory on its face and does not create a genuine issue of material fact. Even if the Court were to consider it,[2] the uncontroverted evidence of record nevertheless reflects that Defendant Diaz was not involved in denying or delaying Plaintiff's access to medical care. Accordingly, Defendant Diaz is entitled to summary judgment on Plaintiff's deliberate indifference claim.

---

[2] *See Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012) ("As a general proposition, 'conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.'" (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009))).

5

Plaintiff's motion for partial summary judgment (D.I. 103), which seeks summary judgment on that claim only, will be denied.

### B. Access to Courts

Defendant Diaz is entitled to judgment as a matter of law on Plaintiff's access-to-courts claim for two reasons. First, a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). On this record, it is undisputed that Defendant Diaz did not confiscate Plaintiff's property, including his legal documents.

Second, with regard to the legal documents, Plaintiff has not demonstrated a genuine issue of material fact that he lost a nonfrivolous, arguable claim as a result of the alleged confiscation and destruction of his legal documents. To state a First Amendment right of access to courts claim, a plaintiff must allege that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *See Christopher*, 536 U.S. at 415. Plaintiff has only made vague references to a planned § 1983 suit.

Accordingly, Defendant Diaz is entitled to summary judgment on Plaintiff's access-to-courts claim as well, and Defendant Diaz's motion for partial summary judgment (D.I. 106) will be granted.

### C.  Reconsideration

Plaintiff's motion for review of dispositive matters (D.I. 105), which the Court construes as a motion for reconsideration, will be denied. The motion was untimely. *See* D. Del. LR 7.1.5(a). Moreover, the Court has reviewed Plaintiff's arguments and has found no clear error or other grounds that would warrant reconsideration.

### D.  Other Motions

The Court will deny Plaintiff's motion to strike (D.I. 117), which is based on the incorrect assertion that Defendant Diaz's counsel withdrew from the case and then filed a responsive filing. The Court will grant Plaintiff's motion to withdraw his requests for default (D.I. 118), and order both of those requests (D.I. 110, 111) withdrawn. Finally, given the posture of these proceedings and other relevant factors, the Court will grant Plaintiff's request for appointed counsel. (D.I. 102.)

## V.  CONCLUSION

For the above reasons, the Court will grant Defendant Diaz's motion for partial summary judgment, deny Plaintiff's motion for partial summary judgment, deny Plaintiff's motion for review of dispositive matters, grant's Plaintiff's request for appointed counsel, and dispose of the remaining motions as described above.

An appropriate Order will be entered.